IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID COLEMAN and BRENDA COLEMAN, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION FILE |
| v. | : : | NO. _____ |
| MS SERVICES, LLC, a Wyoming limited liability company, | : : : | |
| Defendant. | : : | |

# COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiffs are residents of this State, District and Division and are authorized by law to bring this action.

4. Defendant, MS SERVICES, LLC, is a corporation formed under the laws of the State of Wyoming. [Hereinafter, said Defendant is referred to as "MSS"].

5. MSS transacts business in this state.

6. MSS's transactions in this state give rise to the Plaintiffs' cause of action.

7. MSS is subject to the jurisdiction and venue of this Court.

8. MSS may be served by personal service upon its registered agent in the State of Wyoming, to wit: Daniel Price, 123 W. 1st Street, Suite 430, Casper, WY 82601, or wherever said agent may be found.

9. Alternatively, MSS may be served upon any authorized agent or office at its principal place of business in the State of Wyoming, to wit: 123 W. 1st Street, Suite 430, Casper, WY 82601.

10. Alternatively, MSS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Wyoming.

## FACTS COMMON TO ALL CAUSES

11. MSS uses the mails in its business.

12. MSS uses telephone communications in its business.

13. The principle purpose of MSS's business is the collection of debts.

14. MSS regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15. MSS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

16. In the course of attempting to collect a debt allegedly due from Plaintiffs to a business not a party to this litigation, MSS communicated with Plaintiffs in a manner which violated the Federal Fair Debt Collection Practices Act.

17. In or around June 2010, MSS left a series of telephone messages for Plaintiffs requesting a return call.

18. In the messages, MSS did not meaningfully disclose its identity.

19. In the messages, MSS did not state that the communications were from a debt collector.

20. In the messages, MSS did not state that the communications were an attempt to collect a debt.

21. Defendant's communications violate the Fair Debt Collection Practices Act.

22. Plaintiffs have complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

23. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

24. Defendant's violations of the FDCPA include, but are not limited to, the following:

25. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

26. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

27. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

28. As a result of Defendant's actions, Plaintiffs are each entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFFS RESPECTFULLY PRAY THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFFS, AS FOLLOWS:

a) That Plaintiffs be awarded statutory damages;

b) That Plaintiffs be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

/S/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610
Justin T. Holcombe
Georgia Bar No. 552100

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax